UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelly Neumann, Civ. File No. 01-1551 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

AT&T Communications, Inc.,

Defendant.

---

This matter is before the Court on Plaintiff's Motion to Remand. Defendant contends that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and that remand is therefore inappropriate. For the reasons that follow, the Court denies the Motion.

**BACKGROUND**

The facts in this case are contentiously disputed by the parties. However, for the purposes of this Motion, a brief recitation of the key facts is sufficient. Plaintiff Kelly Renee Neumann worked for Defendant AT&T Communications, Inc. ("AT&T") as a Credit Representative and a Customer Sales and Service Specialist for 11 years before her employment was terminated on September 30, 1999. The present case arises from a workplace accident which occurred on October 6, 1998. On this date, Ms. Neumann fell and injured her back. She was taken by ambulance to an emergency room where she was

NOV 09 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

diagnosed with a lumbar injury.

On October 7, 1998, Ms. Neumann visited Dr. Glenn Buttermann, an orthopaedic surgeon. Although Ms. Neumann had injured her back and neck in two automobile accidents prior to October 6, 1998, Dr. Buttermann noted a severe aggravation and new injury to Ms. Neumann's lumbar spine. Accordingly, Dr. Buttermann found Ms. Neumann to be temporarily totally disabled.

At the time of her workplace accident, Ms. Neumann filed a claim under Minnesota's workers' compensation laws which was accepted by AT&T. Additionally, Ms. Neumann was a participant in the AT&T Sickness and Accident Disability Benefits Plan ("SADBP"), a qualified ERISA plan.[1] Her absence from work qualified her for benefits under the applicable provisions of the SADBP.

The parties, however, spend a number of pages disputing the nature of Ms. Neumann's benefits under the SADBP. Pursuant to Article 3 of the SADBP, there are two broad categories of benefits: sickness benefits and accident benefits. Without going into detail about the nature of each category, the significant factual dispute in this case centers on

---

[1] There is no real dispute that the SADBP is a qualified ERISA plan. Ms. Neumann does summarily conclude without analysis that the SADBP is exempt from ERISA because it is "maintained for the purpose of complying with workers' compensation, unemployment, or disability insurance laws." (See Pl.'s Supp. Mem. at 9.) As AT&T notes, however, a plan is only exempt from ERISA if it is maintained solely for the purpose of complying with such state laws. See 29 U.S.C. § 1003(b)(3); Shaw v. Delta Airlines, 463 U.S. 85, 107 (1983). In this case, the SADBP provides a number of benefits in addition to benefits required by Minnesota's workers' compensation laws.

Ms. Neumann being classified as eligible for sickness rather than accident benefits. Ms. Neumann was eligible for only 52 weeks of sickness benefits, but she would have been eligible for unlimited accident benefits.

During the year following her injury, Ms. Neumann was advised that her 52 weeks of coverage would expire on October 12, 1999, and that her employment and benefits would be terminated on that date. After AT&T refused to reconsider her termination, Ms. Neumann filed a claim in state court alleging that AT&T obstructed payment of her workers' compensation benefits, retaliated against her, and failed to offer her continued employment in violation of Minn. Stat. § 176.82. AT&T removed this action because it contends that ERISA preempts Ms. Neumann's state law claims. Ms. Neumann has now filed this Motion seeking to have the case remanded to state district court.

**DISCUSSION**

Ms. Neumann argues that this action should be remanded because (1) her claims arise under Minnesota workers' compensation laws and 28 U.S.C. § 1445(c), therefore, bars removal; (2) her claims are not completely preempted by the ERISA; and (3) even if this Court has jurisdiction, it should abstain from hearing this case. Additionally, Ms. Neumann seeks costs and attorney's fees pursuant to 28 U.S.C. § 1147(c). Because the Court denies Ms. Neumann's Motion, her request for costs and attorney's fees is also denied.

**A. Standard of Review**

AT&T removed the case to this Court pursuant to 28 U.S.C. § 1441(a), which

provides that

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

If at any time before judgment is entered, however, the district court finds that it lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Id.

Additionally, section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

**B. ERISA Preemption**

In general, a claim is only federal in character if the plaintiff raises issues of federal law in the well-pleaded complaint. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Because no federal question appears on the face of Ms. Neumann's Complaint, this general rule combined with section 1445(c) would seem to render removal improper in this case. AT&T does not debate that Ms. Neumann's claims appear, on the face of her Complaint, to arise under state law. Rather, AT&T contends that the doctrine of complete

preemption, an exception to the general rule, applies in this case. See Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999). When complete preemption exists, a plaintiff's state law claim is recharacterized as a claim arising under federal law to the extent that Congress has displaced the state law claim. Id. (quoting Rice v. Panchal, 65 F.3d 637, 640 n.2 (7th Cir. 1995)).

In this case, AT&T contends that Ms. Neumann's claims are displaced by ERISA section 502(a), 29 U.S.C. § 1132(a), the civil enforcement provision. The Court has jurisdiction over Ms. Neumann's claims if any of those claims fall within the scope of, or relate to, section 502(a) of ERISA. See Hull, 188 F.3d at 942 (citing Metropolitan Life Ins. Co., 481 U.S. at 66). Section 502(a) provides that "[a] civil action may be brought . . . (1) by a participant or beneficiary . . . (B) to recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). AT&T argues that "the gravamen of Neumann's unmasked claim is that she was inappropriately classified under the sickness provisions of the Plan rather than the accident provisions." (Def.'s Mem. at 11.) Accordingly, AT&T contends that Ms. Neumann's claims are removable despite the fact that they have been couched in terms of state law. See Kuhl v. Lincoln Nat'l Health Plan of Kan. City, Inc., 999 F.2d 298, 302 (8th Cir. 1993).

Ms. Neumann responds by arguing that her claims arise solely under workers' compensation laws which are quintessentially a function of state law and state courts. All

that the state court would need to do, she argues, is look at and apply the SADBP. See Balcorta v. 20th Century Fox Film Corp., 208 F.3d 1102, 1107-08 (9th Cir. 2000) (noting that the doctrine of complete preemption, in the context of the Labor Management Relations Act, "is not applied, however, if the [state] court must only look at, refer to, consult, or apply the agreement"). To support her argument, Ms. Neumann tries to characterize what a court would need to do in this case as something less active than interpretation: "no interpretation of the plan is necessary [because] the clear language of the plan can be looked [sic] as well as the interpretation of the [SADBP Benefits and Appeals Committee] and applied to the facts of this case." (Pl.'s Reply Mem. at 5.)

The Court disagrees. Ms. Neumann's claims under Minn Stat. § 176.82 rest on allegations that AT&T violated its ERISA plan. She admits that her claims are established by "AT&T's application of it's [sic] own written policies and procedures." (Pl.'s Opp'n Mem. Sum. J. in State Ct. at 31.) She then spends several pages in her memorandum opposing summary judgment in state court citing various portions of the SADBP and arguing in favor of a certain interpretation of the plan. In essence, Ms. Neumann argues that "AT&T violated its own Plans and Policies when it terminated [her]" (Id. at 1) and that "to understand the fallacy of AT&T's [defense], a review of the three disability plans, sickness, accident, and state workers' compensation offered by AT&T is necessary." (Id. at 32.)

Despite Ms. Neumann's contention to the contrary, it is clear that a court must interpret the SADBP in order to determine the merit of her claims. The Court need not

decide, at this stage, whether the language of the SADBP is clear or whether the interpretation of the SADBP Benefits and Appeals Committee is binding. Ms. Neumann may be correct, and for the purposes of this Motion the Court must assume that she is, in claiming that interpretation of the SADBP is relatively easy. Nevertheless, a court must do more than simply "look at" the SADBP. It must choose between competing interpretations of the plan. Accordingly, section 502(a) of ERISA is implicated by Ms. Neumann's claims.

**C. Younger Abstention**

Ms. Neumann does argue, very briefly, that even if this Court has jurisdiction, it should abstain from hearing this case pursuant to the abstention doctrine first espoused in Younger v. Harris, 401 U.S. 37 (1971). Younger abstention "directs federal courts to abstain from accepting jurisdiction in cases where . . . granting [the requested relief] would interfere with pending state proceedings" involving important state interests. Night Clubs, Inc. v. City of Fort. Smith, Arkansas, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The doctrine applies when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and (3) that proceeding affords an adequate opportunity to raise the federal questions presented. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Yamaha Motor Corp. U.S.A. v. Riney, 21 F.3d 793, 798 n.11 (8th Cir. 1994) (determining that all three prongs must be satisfied to justify abstaining).

In this case, there is no on-going state proceeding. AT&T removed the action from the state court. Accordingly, Younger abstention is inappropriate.

## CONCLUSION

For the foregoing reasons and based on all the files, records, and proceedings herein, the Court finds that Ms. Neumann's claims are preempted by ERISA. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Clerk Doc. No. 3) is **DENIED**.

Dated: November 8, 2001

Paul A. Magnuson
United States District Court Judge