UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kelly Neumann, Civ. File No. 01-2339 (PAM/RLE)

Plaintiff,

v.

AT&T Communications, Inc., a Delaware Corporation and Gates McDonald Co., an Ohio Corporation,

Defendants,

**MEMORANDUM AND ORDER**

Kelly Neumann, Civ. File No. 01-1551 (PAM/RLE)

Plaintiff,

v.

AT&T Communications, Inc.,

Defendant.

This matter is before the Court on a Motion to Dismiss brought by Defendant AT&T Communications, Inc. ("AT&T") in Civ. File No. 01-2339. AT&T seeks to dismiss Plaintiff Kelly Neumann's claim that it failed to make a reasonable accommodation for her disability

AUG 1 2 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

under the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.01 et seq.[1] For the reasons that follow, the Court grants AT&T's Motion in part and denies it in part. Additionally, because the parties' submissions have clarified several issues relating to the Court's ruling in Civ. File No. 01-1551, the Court amends in part its November 8, 2001, Memorandum and Order in that matter.

**BACKGROUND**

Neumann worked for AT&T as a Credit Representative and a Customer Sales and Service Specialist for 11 years before her employment was terminated in September 1999. On October 6, 1998, Neumann fell and injured her back while at work. She was eventually diagnosed with a lumbar sprain or strain. Neumann's treating physician concluded that she had severely aggravated a preexisting injury and sustained a new injury. Accordingly, the physician found Neumann to be temporarily totally disabled.

At the time of her accident, Neumann filed a claim under Minnesota's workers' compensation laws which was accepted by AT&T. Neumann was also a participant in the AT&T Sickness and Accident Disability Benefits Plan ("SADBP") administered by Defendant Gates McDonald Co. Neumann's absence from work indisputably qualified her for some sort of benefits under the applicable provisions of the SADBP. Essentially, there are two categories of benefits under the plan: sickness benefits and disability benefits. An

[1] Originally, AT&T also sought to dismiss Neumann's claim for ratification and estoppel. AT&T subsequently withdrew this portion of its Motion. Accordingly, the Court denies that portion of the Motion.

eligible employee is entitled to sickness benefits when he or she is unable to work because of sickness or any disability which does not arise solely from a workplace accident. In this case, sickness benefits were payable to Neumann for a maximum of fifty-two weeks. An eligible employee is entitled to disability benefits under the plan on a scaled basis for disabilities arising solely from a workplace accident. Disability benefits are payable for as long as the employee remains disabled. According to AT&T, because Neumann's injuries did not arise solely from a workplace accident, Defendants denied her disability benefits under the SADBP.

AT&T, however, claims that it paid her sickness benefits under the SADBP. Based on Neumann's credited service, she was entitled, under the SADBP sickness benefits provision, to full pay for thirteen weeks and half pay for thirty-nine weeks. AT&T alleges that because payments for benefits under workers' compensation and the SADBP are coordinated, an employee receives whatever combination provides greater benefits. Under Minnesota workers' compensation law, Neumann was entitled to two-thirds of her salary. Accordingly, for the first thirteen weeks of her absence, Neumann was paid her full salary pursuant to the sickness benefits provision of the SADBP. Thereafter, she was paid at two-thirds of her salary because the workers' compensation benefits were higher than the sickness benefits for the next thirty-nine weeks.

Neumann disputes this characterization of the benefits that she received. She claims that she was told that she was not receiving sickness disability benefits but instead that she

was receiving workers' compensation benefits. She claims that someone at AT&T told her that letters she received explaining that her sickness disability benefits were nearly over and that if she did not return to work her employment would be terminated did not apply to her. She asserts that she relied on these statements to her detriment.

In her first case, Civ. File No. 01-1551, Neumann claimed two violations of the Minnesota Workers' Compensation Act ("WCA"). First, she claimed that AT&T obstructed payment of her worker's compensation benefits, in violation of Minn. Stat. § 176.82, subd. 1, by misclassifying her eligibility for benefits under the SADBP. Second, she claimed that AT&T unreasonably failed to offer her continued employment (in other words, she claimed that AT&T discriminated against her) in violation of Minn. Stat. § 176.82, subd. 2.[2] The Court determined that both of Neumann's claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

Neumann has now filed claims for violations of ERISA. She also claims that AT&T violated the MHRA by denying her reasonable work accommodations.

---

[2] Minn. Stat. § 176.82, subd. 2 provides in pertinent part that

> [a]n employer who, without reasonable cause, refuses to offer continued employment to its employee when employment is available within the employee's physical limitations shall be liable in a civil action for one year's wages. The wages are payable from the date of the refusal to offer continued employment, and at the same time and at the same rate as the employee's pre-injury wage, to continue during the period of the refusal up to a maximum of $15,000.

**DISCUSSION**

Essentially, Neumann claims that AT&T discriminated against her in violation of the MHRA by failing to make reasonable work accommodations for her. AT&T argues that Neumann's MHRA claim should be dismissed because: (1) it is barred by the statute of limitations; (2) the Court lacks jurisdiction over the claim, because Neumann failed to properly withdraw her charge before the Minnesota Human Rights Department ("MHRD") and did not receive a right to sue letter from the MDHR before filing her claim; and (3) even if her MHRA claim was not procedurally flawed, it is preempted by the exclusive remedy provision of the WCA, Minn. Stat. § 176.031. Because the Court agrees with AT&T that Neumann's MHRA claim is preempted by the WCA, the Court need not consider AT&T's other arguments.

The exclusive remedy provision of the WCA states that "[t]he liability of an employer prescribed by this chapter is exclusive and in place of any other liability to such employee . . . entitled to recover damages on account of . . . injury or death." Minn. Stat. § 176.031. The Minnesota Supreme Court has determined that this section precludes a disability discrimination claim based on work injuries for which an employee has already received workers' compensation benefits. See Karst v. F.C. Hayer Co., Inc., 447 N.W.2d 180, 186 (Minn. 1989); Benson v. Northwest Airlines, Inc., 561 N.W.2d 530, 540 (Minn. Ct. App. 1997); see also Ciszewski v. Eng'r Polymers Corp., 179 F. Supp. 2d 1072, 1084 n.10 (D. Minn. 2001).

Neumann concedes that, under Karst and its progeny, her MHRA claims are untenable. She argues, however, that the reasoning of Karst and Benson has been abrogated by certain amendments to the WCA. In substance, Neumann contends that the holding in Karst is dependent on the court's recognition that employers must have some disincentive for disability discrimination. She points out that the Karst court, in dicta, stated that entitlement to economic recovery compensation, a type of compensation provided in the pre-1995 WCA to employees if no suitable job offer was made by the employer following the injury, was a disincentive for an employer to discriminate and refuse to rehire an employee. Karst, 447 N.W.2d at 184. Because the 1995 amendments to the WCA eliminated economic recovery compensation, Neumann argues that the holding in Karst is no longer binding.

The Court is unpersuaded by Neumann's argument. As she goes on to briefly note, the legislature essentially replaced economic recovery compensation with Minn. Stat. § 176.82, subd. 2, which provides for payment of up to $15,000 to an employee when an employer unreasonably refuses to offer continued employment to the employee when such employment is available. Just as economic recovery compensation provided a disincentive for an employer to discriminate against a disabled employee, § 176.82, subd. 2, now provides such a disincentive.

Neumann raises a compelling equitable point, however. She contends that if she cannot pursue her MHRA claim against AT&T, the Court's previous ruling in Civ. File No. 01-1551 that her state law claims, including claims under Minn. Stat. § 176.82, subd. 2, were

preempted by ERISA results in the finding that AT&T can not be held liable for any disability discrimination that may have occurred in this case. The Court agrees that such a result is inappropriate. Accordingly, the Court amends its Memorandum and Order dated November 8, 2001, in Civ. File No. 01-1551 (Clerk Doc. No. 11), and finds that Neumann's claim under Minn. Stat. § 176.82, subd. 2 is not preempted by ERISA.[3]

## CONCLUSION

For the foregoing reasons and based on all the files, records, and proceedings herein,

---

[3] It should be noted that this Amendment does not affect the denial of Neumann's Motion to Remand in Civ. File No. 01-1551. In that case, Neumann argued that her claims were not removable because under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Nevertheless, 28 U.S.C. § 1441(c) provides that

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Ordinarily a claim is not "separate and independent" if it arises from the same loss or actionable wrong. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 14-16 (1951). In this case, however, Neumann's claim under Minn. Stat. § 176.82, subd. 2 is separate and independent from her claim under subdivision 1 of that statute. Neumann's claim under subdivision 1 was predicated on the cancellation of Neumann's workers' compensation benefits. The Court determined that this claim was preempted by ERISA because the gravamen of the claim was that she was inappropriately classified under the sickness provisions of the Plan rather than the accident provisions Neumann's claim under subdivision 2 of the statute, on the other hand, was predicated on AT&T's termination of her employment and failure to offer her continued employment. These two alleged wrongs are sufficiently distinct to allow the removal of this case based on the preemption of Neumann's claim under subdivision 1.

the Court finds that Neumann's claim under the MHRA is preempted by the exclusive remedy provision of the WCA. The Court therefore grants AT&T's Motion to Dismiss in part and denies it in part. Additionally, in light of the parties' arguments on this Motion, the Court reconsiders and amends in part its ruling in Civ. File No. 01-1551. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant AT&T's Motion to Dismiss in Civ. File No. 01-2339 (Clerk Doc. No. 9) is **GRANTED in part and DENIED in part** as follows:

   a. Count III of the Amended Complaint is **DISMISSED with prejudice**; and

2. The Court's Memorandum and Order dated November 8, 2001, in Civ. File No. 01-1551 (Clerk Doc. No. 11) is **AMENDED** to provide that

   > For the foregoing reasons and based on all the files, records, and proceedings herein, the Court finds that Ms. Neumann's claim under Minn. Stat. § 176.82, subd. 1 is preempted by ERISA. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Clerk Doc. No. 3) is **DENIED**.

Dated: August 12, 2002

Paul A. Magnuson
United States District Court Judge